MURDOCK, Justice
(concurring specially).
I concur in the main opinion. I write specially to further address Justice Shaw’s special writing.
In his opinion concurring in the result in part and dissenting in part, Justice Shaw states:
“The main opinion’s interpretation of § 36-25A-2(6)a.3 ... has the ‘unusual’ result of enshrining into law the practice this Court found unaddressed by the Sunshine Law in Auburn University [v. Advertiser Co., 867 So.2d 293 (Ala.2003) ]: members of governmental bodies can meet in small, one-time groups to deliberate issues that will come before the governmental body, so long as the issue will not again come before that particular group.”
125 So.3d at 136-37 n. 11. I believe this comment misstates the practice with which the Court was concerned in Auburn University v. Advertiser Co., 867 So.2d 293 (Ala.2003). It fails to recognize the Court’s concern in Auburn University *132 with standing committees consisting of less than a quorum of the Board who were able to meet and perform the functions delegated to them without publicizing their meetings because the Sunshine Law did not, by its terms, apply to “committees.”[9] As discussed in the main opinion, the Open Meetings Act, which replaced the Sunshine Law, by its terms now applies to committees.
Justice Shaw concludes the final note in his special writing with this comment:
“If this Court’s interpretation of the Open Meetings Act, following the accepted principles of statutory construction of such laws as set out above, were to sweep too broadly, then it would be the legislature’s prerogative to narrow its language and thus its scope.”
125 So.3d at 136-37 n. 11 (Shaw, J., concurring in the result in part and dissenting in part). Because this Court is not a policy-making body, the only measure of whether our interpretation of the Open Meetings Act would “sweep too broadly” is whether it sweeps beyond the language chosen by the legislature. I believe this Court has in the main opinion in this case met its responsibility to accurately assess the meaning of that particular language. I would say that, if the legislature hereafter wishes to impose a rule that sweeps more broadly than does the current Open Meetings Act, “then it would be the legislature’s prerogative to [broaden] its language and thus its scope.”

. The preliminary injunction issued in Auburn University applied to " ‘any meeting of any standing committee of the Auburn University Board of Trustees.' ” 867 So.2d at 296. In the final judgment appealed to this Court, the trial court found that members of the Board of Trustees had violated the Sunshine Law by " '[mjeeting in secret as a Board, and in Committees 867 So.2d at 297. The permanent injunction then entered by the trial court as part of its final judgment restrained members of the Board of Trustees from " '[mjeet-ing in groups of three or more [the standing committees consisted of five to six members], either as a Board or in Committee..'' 867 So.2d at 298. After noting these facts, this Court quoted the applicable provisions of the Sunshine Law, none of which were applicable per se to "committees” of a governmental entity. At the heart of its analysis, the Court then explained:
"Although the various standing committees of the Board met to consider proposals and to make recommendations, the standing committees, with the exceptions of the Property and Facilities Committee and the Athletic Committee, could not and did not take any action on behalf of the Board. Thus, but for the two exceptions, none of the standing committees met 'as a deliberative body to set policy regarding the public matters with which the [Board] is entrusted’ [Advertiser Co. v.] Wallis, 493 So.2d [1365,] at 1369 [ (Ala.1986) ]. Moreover, because fewer than a quorum of the Board, eight trustees, cannot legally conduct the business of the Board, any meeting of one of the nonexceptional standing committees attended by fewer than eight trustees is not a meeting or session of a ‘group of individuals who sit as a deliberative body to set policy regarding the public matters with which the [Board] is entrusted,’ id., and is not, therefore, a meeting or session within the meaning of the Sunshine Law.”
867 So.2d at 302.